UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chris Cremeens-Ashley,

    Plaintiff,

        v.

                Case No. 1:11cv839

State of Ohio/Department of Youth         Judge Michael R. Barrett
Services Ohio River Valley
Juvenile Correctional Facility, *et al.*,

    Defendants.

### **OPINION & ORDER**

This matter is before the Court upon Defendants' Motion for Partial Judgment on the Pleadings. (Doc. 7). Plaintiff Chris Cremeens-Ashley has filed a Response (Doc. 8) and Defendants have filed a Reply (Doc. 10).

**I.     BACKGROUND**

Plaintiff Cremeens-Ashley is a former employee of Defendant State of Ohio's Department of Youth Services ("DYS"). (Doc. 1, ¶ 4). Plaintiff worked as at Psych Nurse at the Ohio River Valley Juvenile Correctional Facility in Scioto County, Ohio. (Id.) Defendant Joe Young was also employed by DYS as a Health Service Administrator. (Id. ¶ 6).

In her Complaint, Plaintiff brings three causes of action: (1) sex discrimination/harassment in violation of Title VII; (2) assault and battery; and (3) intentional infliction of emotional distress.

Defendants moved for judgment on the pleadings on the state law claims brought

against DYS based on sovereign immunity. Defendants also moved for judgment on the pleadings on the state law claims against Young based on qualified immunity. Finally, Defendants moved for judgment on the pleadings on the Title VII claim against Young.

Plaintiff responded that she is raising only a Title VII claim against DYS and is asserting her state law claims for assault and battery and intentional infliction of emotional distress against Joe Young in his individual capacity only.

However, Defendants argue that Plaintiff's state law claims against Young are barred by Ohio Revised Code § 9.86 immunity. This is the only remaining issue which the Court will address.

## II.   ANALYSIS

### A. Standard of Review

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Id*. (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009)). Although the plausibility standard is not equivalent to a " 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 556 (2007)).

### B. Ohio Revised Code § 9.86

Defendants argue that Plaintiff's state law claims are barred by Ohio Revised Code § 9.86, which provides:

> Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the laws of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith or in a wanton or reckless manner.

Defendants point out that Ohio's Court of Claims has exclusive jurisdiction to determine whether state employees have forfeited the immunity provided for in Ohio Revised Code § 9.86. Plaintiff responds that Ohio Revised Code § 2743.03(A)(2) exempts immunity for civil actions seeking declaratory, injunctive or other equitable relief. [1] However, Defendants respond that Plaintiff has is also seeking monetary relief, and therefore her claims must be brought in the Court of Claims.

As the Ohio Supreme Court has explained: "The Court of Claims has exclusive, original jurisdiction to determine whether a state employee is personally immune from liability in a civil action under R.C. 9.86 or whether the conduct was manifestly outside the

---

[1] Ohio Revised Code § 2743.03(A)(2) provides:

> If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.

3

scope of employment at the time the cause of action arose." *Theobald v. Univ. of Cincinnati*, 857 N.E.2d 573, 577 (Ohio 2006) (citing Ohio Rev. Code § 2743.02(F)).[2] The Sixth Circuit has explained that "Ohio law requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. Prior to that condition being satisfied, then, there is no claim under Ohio law upon which relief may be granted against state employees in their individual capacities." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). There is nothing in the record indicating that there has been a determination by the Court of Claims regarding whether Young is entitled to immunity under section 9.86. In her Complaint, Plaintiff is seeking compensatory and special damages as well as punitive damages from Young. Therefore, Plaintiff's state law claims against Young in his individual capacity must be dismissed. *Accord Powell v. Morris*, 184 F.R.D. 591, 597 (S.D. Ohio 1998).

## III.   CONCLUSION

Based on the foregoing, Defendants' Motion for Partial Judgment on the Pleadings (Doc. 7) is **GRANTED**. Accordingly, Plaintiff's state law claims for assault and battery

---

[2] Ohio Revised Code § 2743.02(F) provides:

> A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code.

4

and intentional infliction of emotional distress against Defendant Young are dismissed without prejudice.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                            Michael R. Barrett
                                            United States District Judge